UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PROBUILDERS SPECIALTY INSURANCE COMPANY,<br><br>                   Plaintiff,<br><br>     v.<br><br>SUSAN THOMPSON, individually and as Executor of the Estate of DAVID THOMPSON,<br><br>                   Defendant. | 3:12-CV-00332-LRH-WGC<br><br>ORDER |

This is an insurance dispute. Before the court is plaintiff Probuilders Specialty Insurance Company's ("Probuilders's") Motion for Summary Judgment (#4[1]). Defendant Susan Thompson has responded (#11), and Probuilders has replied (#13). In addition, Thompson has moved for partial summary judgment (#18), to which Probuilders has responded (#19), and Thompson has replied (#20).

**I.     Facts and Procedural History**

In early 2005, Thompson and her late husband, David Thompson, hired R.D. Swope Construction to perform remodeling work on two of their properties. (Complaint #1, Ex. 1, p. 3.)

---

[1] Refers to the court's docket number.

At the time R.D. Swope Construction was owned as a sole proprietorship by Ronnie Dale Swope, a contractor. (Probuilders's Request for Judicial Notice #5, Ex. C, p. 2.) Swope and the Thompsons disagreed about the quality of Swope's construction, and the Thompsons ended up suing Swope in two separate actions in Nevada state court (once in 2008 and again in 2009) ("the state actions"). (Complaint #1 at Exs. 1-2.) While the state actions were still pending, Swope declared bankruptcy in October 2010. (Probuilders's Request for Judicial Notice #5 at Ex. B.)

Probuilders is Swope's liability insurer. (Probuilders's Motion for Summary Judgment ("MSJ") #4, p. 3:27-28.) Probuilders denied Swope's claim for coverage for the state actions, and Swope subsequently sued Probuilders for denying coverage in bad faith ("the Swope action"). (Probuilders's MSJ #4-1, Ex. C, p. 8.) This case was filed in Nevada state court in 2008. In September 2010 (just before Swope declared bankruptcy), Swope and Probuilders settled the Swope action. (*Id*. at Ex. D, p. 7.) Swope released Probuilders from any claims for coverage for the state actions, including Probuilders's duty to indemnify Swope for any damages the Thompsons were to recover. (*Id*. at Ex. D, ¶ II.D.2.)

Here, Probuilders has sued Thompson for declaratory judgment, asking the court to find that–should Thompson prevail in state court–she is not entitled to recover from Probuilders. Thompson has responded that the declaratory action is not ripe since she has not yet secured a judgment against Swope.[2]

**II.    Discussion**

The Declaratory Judgment Act provides that a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Under this Act, a court may grant declaratory relief "in a case . . . within its jurisdiction." *Id*. Thus, federal jurisdiction under the Declaratory Judgment Act

---

[2] Thompson's own Motion for Partial Summary Judgment challenges Probuilders' arguments on the merits, but, as discussed below, the court does not reach the merits.

2

implicates the usual requirements of federal subject matter jurisdiction, including the necessity of a "case or controversy" justiciable under Article III of the U.S. Constitution. *See MedImmune Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007). A justiciable case or controversy exists if there is "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 127 (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). Cases interpreting this language "do not draw the brightest of lines between those declaratory-judgment actions that satisfy the case-or-controversy requirement and those that do not." *Id.* Courts look for injuries that are "real, not imaginary; concrete, not abstract; apparent, not illusory; and demonstrable, not speculative." *Myron v. Chicoine*, 678 F.2d 727, 730 (7th Cir. 1982).

Here, there is no justiciable case or controversy warranting the exercise of federal subject matter jurisdiction. In *Knittle v. Progressive Casualty Insurance Co.*, 908 P.2d 724 (Nev. 1996), Nevada's Supreme Court addressed whether there is a "justiciable controversy" between an insurer and a third-party claimant when the claimant had not yet secured a judgment from the insured. The Court held that because such a controversy requires placing "the trial court in the position of trying to guess what facts might be determined in a trial on the [underlying] claim [against the insured]," the third-party claimant had no "legally protectible interest creating a justiciable controversy ripe for declaratory relief." *Knittle*, 908 P.2d at 726 (citing *Farmers Insurance Exchange v. District Court*, 862 P.2d 944 (Colo. 1993) and *Boyle v. National Union Fire Insurance Co.*, 866 P.2d 595 (Utah Ct. App. 1993). Nevada's interpretation of the "justiciable controversy" standard is analogous to that used by federal courts in determining their jurisdiction, and therefore *Knittle* is persuasive.[3] *See Vignola v. Gilman*, 804 F. Supp. 2d 1072, 1077 (D. Nev. 2011).

---

[3] While the parties discuss the standards surrounding Nevada's declaratory judgment act, Nev. Rev. Stat. 30.030, this is not the law that a federal court sitting in diversity is to apply. *See Golden Eagle Ins. Co. v. Travelers Companies*, 103 F.3d 750, 753 (9th Cir. 1996) (noting that the Declaratory (continued...)

Indeed, *Knittle* is even more persuasive because it is consistent with decisions under the federal Declaratory Judgment Act. Federal courts interpreting the case-or-controversy requirement under this Act have routinely found no justiciable controversy between insurers and third-party claimants prior to a judgment secured against the insured. *See, e.g., Canal Insurance Co. v. Cook*, 564 F. Supp. 2d 1322, 1327 (M.D. Ala. 2008) (noting that a third-party claimant has no standing to bring a declaratory action against an insurer); *Cross v. Occidental Fire & Casualty Co.*, 347 F. Supp. 342, 344 (W.D. Okla. 1972) (same). *See also Safeway Managing General Agency for State & County Mutual Fire Insurance Co. v. Cooper*, 952 S.W.2d 861, 868 (Tex. App. 1997) (discussing analogous requirements under Texas's declaratory judgment rule and determining that "because the insured's liability to the third party had not been determined at the time the declaratory judgment was sought, there was no actual controversy between the insurer and the third parties").

Probuilders (an insurer) and Thompson (a pre-judgment third-party claimant) are in the same positions as the parties in these cases. Furthermore, since "state substantive law regarding the parties's rights applies when it is relevant to the [c]ourt's ripeness analysis," and since, in Nevada, the rights of a third party against an insurer do not mature until the third party obtains a judgment against the insured, an insurer's rights against a third-party claimant are "speculative and not ripe for declaratory relief." *Vignola*, 804 F. Supp. 2d at 1077 (citing *Roberts v. Farmers Insurance Co.*, 533 P.2d 158, 159 (Nev. 1975)). Since "ripeness" and the case-or-controversy requirement often "boil down to the same thing" in declaratory judgment actions, *MedImmune*, 549 U.S. at 128 n. 8,

---

[3](...continued)
Judgment Act is a "procedural statute"), *overruled on other grounds by Government Employees Insurance Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998). *See also Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996) (holding that federal courts sitting in diversity apply federal procedural law and state substantive law).

Probuilders's action against a pre-judgment third-party claimant does not warrant the exercise of federal jurisdiction under the Declaratory Judgment Act.[4]

### III.    Conclusion

The court is without jurisdiction to entertain Probuilders's action for declaratory judgment. Therefore, both Probuilders's Motion for Summary Judgment and Thompson's Motion for Partial Summary Judgment must be denied.

IT IS THEREFORE ORDERED that the complaint (#1) is DISMISSED without prejudice.

IT IS FURTHER ORDERED that Probuilders's Motion for Summary Judgment (#4) is DENIED.

IT IS FURTHER ORDERED that Thompson's Motion for Partial Summary Judgment (#18) is DENIED.

IT IS SO ORDERED.

DATED this 30th day of January, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[4] Probuilders attempts to distinguish *Knittle* and its kin by noting that these decisions address insurance policies while Probuilders is calling upon the court to interpret a settlement agreement. This distinction is unpersuasive. Both Swope's insurance policy and the settlement agreement concern Probuilders' potential liability for indemnification. Furthermore, Probuilders has asserted declaratory claims under both the insurance policy and the settlement agreement.